The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Be seated, please. Ma'am, do you have the sheets for me? Thanks a lot. I appreciate it. Thank you. This is my crib sheet. All right, first case we're going to hear is United States v. Mr. Cammorto. Mr. Beck, we'll hear from you. Thank you, Judge Niemeyer. Good morning, Judge Niemeyer, Judge Motz, Judge Thacker. Today I rise to argue the case of Scott Cammorto. I contend that he was sentenced more harshly than federal law intends and that the tenets of this argument are, first, the categorical approach, which is demanded by Mathis and Berry and the Sixth Amendment, and, second, a very broad Georgia aiding and abetting statute, which is applicable to both rape and kidnapping and which is far broader than the federal aiding and abetting statute. There is a third tenet, although I hesitate to mention it because I don't think it's really necessary, but, third, SORNA was drafted to include two actus reus exceptions, that is, attempt and conspiracy. But it lacked to include the aiding and abetting as a third actus reus exception. And for that reason, it is arguable whether aiding and abetting is included in the SORNA statute. It appears that it was not. And if it was not included, that is either accidental or intentional. It probably, in my view, it's best intentional because the SORNA statute is a comparison statute. And when you compare different things, it's very hard to compare aiding and abetting because it comes in many different forms. So getting back to the most important point, the most important point here today is the Georgia aiding and abetting statute. I thought he pled guilty to rape. Yes, Your Honor, he pled guilty to rape in a jurisdiction which has the following statute. The statute says, has a parties to crime statute. It says, every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of the commission of the crime. It then goes on to say, a person is concerned in the commission of a crime if he either directly commits the crime, intentionally causes some other person to commit the crime, intentionally aids or abets in the commission of crime, or intentionally advises, encourages, hires, counsels, or procures another person to commit the crime. That statute is so broad that the Hendricks case, when it considered that statute, said that even though a person wasn't guilty of rape, if he had a co-defendant that was guilty of rape, and if he did any activity to either aid or abet or encourage that conduct, that he was guilty of rape. And, moreover, this statute not only – The Supreme Court has said that's true in all 50 States plus the Federal law. Pardon me? The Supreme Court said in Gonzales that that's true in all 50 States as well as the Federal law. The aiding and abetting is – makes a person a principal and is charged with the same level of conduct. It's not lesser included offense, as you suggest. It is the offense. Your Honor, the problem with that position is that this Georgia statute is broader than typical aiding and abetting. Typical aiding and abetting has in mind something which is done which causes the commission of the crime. This Georgia statute includes in its wake any advice, encouragement, counsel. Whether that advice, encouragement, or counsel is or is not effective, is used, does, in fact, encourage the offense, that wide statute is much broader than the Federal rape statute and is much broader than Federal aiding and abetting. It's narrower than Federal rape. The Federal statute includes abuse, sexual abuse, whereas rape is a narrower form of sexual abuse. Well, yes, Your Honor. The form of the sexual contact here really – I don't think that's much of the issue today because there was – I'll just take an issue with your fact. You're saying that rape is broader than the Federal sexual abuse, and I think it's just the opposite. We have to be accurate. I mean, it's a little bit like your brief where you use the word accessory throughout, which is an old-fashioned term that includes accessory before the fact, accessory at the fact, and accessory after the fact. And the law has gotten rid of those discussions. Aiding and abetting is a well-understood term that's been addressed by all courts in the country. And when you aid and abet, you're a principal. Your Honor. The aiding and abetting does make you a principal. What I'm saying is that this Georgia statute, which is the Georgia form of aiding and abetting, is much broader than the Federal aiding and abetting statute. The Federal aiding and abetting statute, 18 U.S.C. 2, is worded that when – commits an offense when one aids, abets, counsels, commands, induces, or procures, and the use of the word procures there lends an interpretation to the statute where the aider and abetter has to in some way cause the commission of the offense. Whereas the Georgia aiding and abetting statute includes these other terms such as advises, encourages, or counsels, which is consistent with an interpretation that the Georgia statute is broader than Federal aiding and abetting. And if Georgia statute is broader than aiding and abetting, as I contend, then the consequence of that is that the – a Georgia rape conviction, and this is a case where it's clear from the facts that the defendant wasn't the principal actor. Can I ask you this? Do you have a case from Georgia in which the aiding and abetting is interpreted to cover conduct that would not be covered by the Federal aiding and abetting statute? I believe Hendricks is such a case, Your Honor, because it's – Okay. Tell me about Hendricks. Hendricks was a – Intentional – a person who intentionally aids and abets? Yes, Your Honor. What Hendricks is about is it was a Georgia rape case where it was similar to the conduct that led to a rape of the victim. One of the persons raped the victim. The other one was kind of along for the ride, but did some minor conduct which either aided and abetted or encouraged the commission of the crime. And Hendricks said that because of the – Encouraged. He held her. Pardon me? He held the victim. He held the victim in place while she was being raped. Your Honor, we're – today – We're talking about Hendricks. Hendricks said aiding and abetting is the principle and the – and used all the language and said basically evidence he choked her and threatened her with his life. He held her while they were – to allow the sexual intercourse and charged him as a principal. It's not a lesser included offense or lesser conduct. It is equal to the conduct. But in upholding the conviction, Your Honor, the Georgia Supreme Court said that if anybody either aided and abetted or encouraged the offense – and one does not know because one doesn't look behind the mind of a jury whether it was the holding or the encouragement of the offense which led those jury members to reach the conviction of the defendant. When we're dealing with these state predicates, if you're relying on a state predicate to say that the state statute is broader than what the federal law would allow, we have to look at what the holding is and what the facts were in that case. So like Judge DeMar, I'm not sure that Hendricks helps you. So do you have some other case where somebody is just, you know, miles away from the incident but arranging it or something like that? That might be broader than the federal statute. I don't think there is such a case. I think you would be knowing about it. Well, if I knew about one, I would cite it, Your Honor. All I can say, though, is that we don't necessarily need a case precedent when we have a statute such as the Georgia statute. It's now codified at 16-2-20. That's an incredibly broad statute and it's broader than federal aiding and abetting and it makes the Georgia rape concept broader than the federal rape concept. And because of that mismatch, and remember that's what we do when we do the categorical analysis, we look for a mismatch between a federal statute and a state statute. And when there's that level of mismatch, then the Sixth Amendment and Berry and Mathis tell us that the mismatch means that we can't conclude that the Georgia rape is equivalent to the federal rape statute and therefore it drops down to the default classification under the guideline provision, which makes the Tier 1 the default classification. Well, you know, the language you recite in the Georgia statute, that's in the subsection 4, intentionally advises, encourages, hires, and counsels or procures another to commit the crime, is really not far apart from the same thing counsels, this is the federal, counsels, commands, induces, or procures its commission. I don't know where is the Georgia statute broader than the federal. Advises and encourages are very different concepts. Counsels is more than, you don't think counsels and advises are in the same? No, those are in the same league, but advises and encourages is where the mismatch is. Induces, procures, these are all federal verbs. Well, yes, those line up with the federal statute, but the mismatch is at advises and encourages. Because let's think about some examples. Say defendant and co-defendant are engaged with a victim. The co-defendant rapes the victim. The defendant merely shouts words of encouragement while it's going on. Unbeknownst to him, the police witness this activity. That's conduct which doesn't cause the offense, doesn't induce the offense, doesn't procure the offense, but it encourages the offense. And because you have that mismatch between the Georgia statute and the federal statute, we have a situation here where the conclusion follows that the federal statute and the state statute are mismatched, and that mismatch leads to a conclusion that this can't be a Tier 3. It then drops down to the Tier 1 default. And the consequence of it dropping down to the Tier 1 level, here it was several levels of the guideline. And I think it drops down from a 33- to 41-month range to a 24- to 30-month range. And under Molina-Martinez, this is the kind of guideline mistake which should be corrected on appeal and remanded to the district court to determine whether the district court still believes that the 41-month sentence which was imposed is proper in the case. I believe that's the most appropriate result here, given this record, given this defendant, and given the mismatch between Georgia and federal law. Thank you all. That's it? Okay, thank you. You have some rebuttal. Let's hear from Mr. Jane. Thank you. Thank you, Your Honors. Kevin Jane on behalf of the United States. In terms of advocates in front of this court, they throw around words like clear and simple quite a bit. But I think in this case, it's actually appropriate. The Gonzalez case controls. It's not one of those situations where we have to read into the Supreme Court decision to figure out what the holding of that case and the application is to this case. Gonzalez said that aiding and abetting has been collapsed from the common law into the principal offense. And in doing a 50-state survey, that aiding and abetting in all states fit under that principal definition. I think his argument is a little more particularized. I think his argument is that both the feds and the states have aiding and abetting. But his argument is that aiding and abetting, which makes a person principal in Georgia, is a broader aiding and abetting than the federal aiding and abetting, and therefore the conduct is broader. I think that's his argument. I'm not sure that argument was made in the brief. But that is certainly his argument this morning. And you're correct, Judge Moss. The argument wasn't made in the brief. But Gonzalez also is important in that respect. Because what Gonzalez says is that the defendant has to show that there's something different about the particular state statute, either in the case at hand, which you can't do, or in a case in Georgia applying Georgia law. And there has to be a realistic probability. It appears we don't have much case law. It looks to me Hendricks is the one, and that probably weighs on your side. But I think if we get the issue that's really now presented here, I must say I had a little trouble deciphering the brief, because it kept using accessory and then talking about attempts and conspiracies, which are all argued that aiding and abetting is a lesser included offense than the principal, of course, which is all wrong. But there is a point to me argued, I don't know if it's legitimate or not, but there is a collection of verbs in the aiding and abetting statute in the Fed that is very much in the nature of the collection of the verbs used in the state. He points to one difference, which advises or counsels or procures seems to be in the same, but the word encourages is not in the Fed. And the question is, is that any different in kind than the collection of verbs that's used in the Fed? I think that's really where the question comes down, at least as today, if I understand him. And that's right, Your Honor. And the fact is, if you look at the verbiage in the Georgia statute, there is no difference between the two. And what the Supreme Court ---- No, no, no. I don't think you understood the question. Encourages seems to be something that's different than what's talked about in the Federal statute. All the other verbs, I think, that you can find replications of in the Federal statute. So what do we say about encourages? Encourages, as though, is akin to the Federal aiding and abetting statute. What the Federal aiding and abetting statute requires is that a crime be completed by someone physically and that there be a person there that has the intent that wanted the crime to be committed, essentially. Well, Hendricks seems to help you in this area because they used the word expressly encourages and applied it in a factual circumstance and said this is encourages, which fits in with the other verbs, counsels and procures and those things. I don't know if we have any other case that says encourages is really different in kind that can be a telephone call from a remote spot and said, go ahead and rape her, go ahead and rape her. That would be strange if Georgia found that to be aiding and abetting. But I think my question really asks you to focus on his argument because I think we know the general background of the cases in Hendricks. Right. So the point is that encourage is the Gonzales case tells you that there's going to be variations in the aiding and abetting statute in all these 50 jurisdictions. But in their survey of all those jurisdictions that from the Supreme Court's perspective, there are no differences in those jurisdictions. But if a party is able to come up with a case or a factual scenario where Georgia has applied the law in a way that distinguishes the Supreme Court's reading of those aiding and abetting statutes, then it's appropriate for the court to consider that. But that certainly hasn't happened here. I've found a case in Georgia that applies it in a way that would take the predicate offense outside of the federal generic. So you – let me just be sure I understand your argument. So your argument is that the Supreme Court has defined aiding and abetting after doing its survey of everywhere and it doesn't include anything beyond what's in the federal statute. Just to be precise, Your Honor, I want to make sure that I answer your question correctly. The Supreme Court said looking at the California statute, which included a variety – a whole line about accessory conduct in the predicate offense that the Ninth Circuit interpreted as being – including aiding and abetting under California law, which is broad, that aiding and abetting is incorporated into the federal generic crime of theft. And in doing so, it took a survey of all the states. And the point that the court was making is it's not appropriate for a court to engage in a far-flung hypothetical scenario with defense counsel. What defense counsel needs to do is point to the law of the jurisdiction where the predicate offense came from and provide the court with support that that state has interpreted its aiding and abetting statute in a way that is different than what other states have done and takes – and would take you outside of the generic federal offense. I don't know how much you can rely on it. This is what Gonzales said, and we have verified that these jurisdictions – that's all 50 jurisdictions – have a principals and aiders and abettors who fall into the second and third common law category and says the law is uniform throughout the country. And I may be right, but we might still have to address the argument that the appellant makes here, the defendant makes here. It seems to me when they use the word encourages to commit a crime, that is a verb very similar to counsels a person to commit a crime or induces a person to commit a crime. And those are the federal terms. So we're only left with – And encourages could be inducement or could be counseling. But the state includes all those terms, too. It doesn't include induce. You'd have to say encourages and induces are the ones you'd be looking at. And if there is a difference – I'm not sure there is – but if there is a difference, I would think we would need some Georgia interpretation that says our aiding and abetting is broader. And that's what Gonzales seemed to say. Yeah. And that's right. The same argument was made to the Supreme Court there, that the California statute is different. And the Supreme Court almost unanimously said, well, we've looked at these cases from California and it doesn't look like they do do what you say the statute does. In terms of that Gonzales decision, if you go farther down to page 189, there's a short discussion about what it means to have a realistic probability. So the analysis is if you have aiding and abetting and there's no apparent reason why that aiding and abetting statute would be different than the federal statute, the defense has to present case law under Georgia law that would support his argument that aiding and abetting is radically different than what the federal law provides. And there's a practical reason for that, and that's that the Supreme Court doesn't want courts of review to be engaging in this analysis. There's really no limiting principle if courts start to engage with defense counsel about these hypotheticals. Defense counsel said, let's give you this example. But that's exactly what Gonzales was attempting to foreclose by making the point that aiding and abetting has been collapsed into the principal offense and therefore you lose unless you can show under Georgia law. That's undisputed. It's unfortunate that the defendant's brief seemed to suggest aiding and abetting was lesser conduct, that he actually didn't do the rape. He was there with him and assisting the other person in committing the rape. But that is a flawed analysis, a misunderstanding of what aiding and abetting is. He does make the argument today that the statutes aren't perfectly aligned, and I'm not sure that the work encourages and induces how much difference those two statutes have, whether Georgia would find itself broader than that. Reading Hendricks, it doesn't look like that. But I don't know of any other case where Georgia has focused on this. My argument is that it encourages, wouldn't be broader. What word in the federal statute do you think is? Counsel's. Counsel seems to me as your substitute for advise. You advise, you counsel somebody. Induces and encourages might be close. Induces, encourages. Georgia uses encourages, the feds use induce. And I'm really engaging in this analysis off the top of my head, so I qualify it a little bit. We all are. I never considered the fact that this court would ever find that encourages is not akin to what happens in the federal statute. And that might have been incorrect on my part, but I never thought that encourages. That's true. But I think Gonzales, if you go back and read Gonzales carefully, it forecloses the ability to engage in that analysis because there is no case under Georgia law, at least that I could find and defense counsel has presented none, that would tell you that encourages is broader than the federal statute. Is that it? I would also add, Your Honor, that even if you were to find there was an error here, there is another possibility. But I'll rest on my brief on that second argument. All right, Mr. Beck. Let me just ask you a little bit of a procedural question. We're caught a little bit by surprise by this argument. You didn't make it in your brief and it wasn't made below. How should a court react to that? Your Honor, I'll confess that I was not, I was far less than perfect in my briefing. I did cite the Georgia statute on page 15 of my opening brief. Oh, you did. But your basic argument was that attempt and conspiracy is separate conduct from the underlying act, and aiding and abetting is likewise separate conduct, and it's lesser conduct than the actual commission of the crime. Well, of course, that was put to bed by both State court law and Supreme Court law. Now, you're basically arguing today for the first time that the Georgia aiding and abetting is broader than the Federal aiding and abetting. I'm not sure that it is, but you certainly have a different word to argue with, encourages versus induces or whatever verb we're looking at. Yes, Your Honor. But my question really is, is this something we should hear and consider? I think you should. There's a man sitting in prison because of the words of the statute. Mathis says that we need to do, and Barry both tell us that we need to do, this very kind of comparison. I was looking through the notes of decisions on the Georgia statute. Well, Mr. Jane was arguing. I do notice that there was an 1854 decision from the Georgia Supreme Court, which although that was before. Is it in your brief? No, it's not in my brief. I'm trying to answer the Court's earlier question about whether there was, there were, there's authority. There was an 1854 decision from the Georgia Supreme Court that held that whoever assists a clerk or an agent to commit a crime in his absence is guilty of Georgia aiding and abetting. And I would say, and that's the Haley case, I would say that cases like that, together with the use of the word encouragement, suggest that. Did the Florida statute exist in 1854? There was a different version. There was a different. This is a real problem if you don't brief these things, because it isn't fair to the government. I understand that your client is in prison, but also the United States has a position here. You're not only citing a new theory, but a new case involving a different statute that's more than 100 years old to us. Well, Your Honor, I was trying to judge, answer Judge Nemar's questions, because he was looking for cases where somebody wasn't present, and that case leapt from the case notes. And I apologize. I don't know if you have to be present under the Federal. Counsel's, that's a pretty broad term, and that's in both the Fed and the state law. Counsel's advises. Yes, but encourages. Procureors. I mean, none of those require you to be present. No. There has to be a causative connection between the conduct and the crime so that you can be considered an aider and a better. And that's my – that would be my response to encourages is not much different than induces or counsels or advises. I mean, it's not a question of presence. It's a question of the contribution of the one person to the actual commission of the crime. And my argument, Your Honor, is that the word encourages in that statute, and particularly the way it's set up, because it's set up from most serious to less. If you advise somebody to do something and you encourage somebody to do something, is there a lot of difference? There is a difference in the manner in which the encouragement, because if the encouragement happens during the commission of. . .  If I encourage you to do something or advise you to do something or induce you to, well, induce might be stronger. But if I advise you to do something or encourage you to do something or counsel you to do something, are we talking about a lot of difference in conduct? We're talking about a potential difference in that there may not be a causative relationship between the encouragement and the conduct. Well, except the Georgia law says you still have to have that causative connection. It says that nowhere in 16.220, which is the current statute. It starts from directly committing the offense. Then the next level is intentionally causes. And then below intentionally causes are things less than intentionally causes. The third level is intentionally aids and abets. And the fourth level is the encouragement level. And that difference in the graded statute means that this is a statute which is broader than the Federal. Thank you, Your Honors. All right. Thank you. We'll come down and greet counsel and proceed on to the next case.
judges: Paul V. Niemeyer, Diana Gribbon Motz, Stephanie D. Thacker